UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STATE OF NEW YORK and
THE BOARD OF EDUCATION FOR THE
CITY SCHOOL DISTRICT OF THE CITY
OF NEW YORK,

    Plaintiffs,

  v.

UNITED STATES DEPARTMENT OF
EDUCATION and ELISABETH DEVOS,
*in her official capacity as the Secretary of
Education*,

    Defendants.

No. 1:20-cv-04260-JGK

---

**PLAINTIFFS' MEMORANDUM OF LAW
IN OPPOSITION TO MOTION TO INTERVENE AS DEFENDANT BY
FOUNDATION FOR INDIVIDUAL RIGHTS IN EDUCATION**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ............................................................................................................................. 1

ARGUMENT .................................................................................................................................... 2

    I.     FIRE Is Not Entitled to Intervene as a Matter of Right. ................................................. 2

          A.  Intervention should be denied because FIRE's interests will not be
              impaired by a disposition in this action. ................................................................. 3

          B.  Defendants adequately represent any interest that FIRE may have in
              the outcome of this litigation. ................................................................................. 4

    II.    Permissive Intervention Under Rule 24(b) Is Unwarranted. ......................................... 6

          A.  FIRE has not raised a defense that shares a common question of law
              or fact with this case, and instead seeks to unduly expand the scope of
              this litigation. .......................................................................................................... 7

          B.  FIRE's intervention as a defendant would prejudice Plaintiffs. .............................. 8

CONCLUSION ............................................................................................................................... 10

## TABLE OF AUTHORITIES

**CASES**

*"R" Best Produce, Inc. v. Shulman-Rabin Marketing Corporation*,
   467 F.3d 238 (2d Cir. 2006)..................................................................................................3

*AT&T Corp. v. Sprint Corp.*,
   407 F.3d 560 (2d Cir. 2005)..................................................................................................6

*Butler, Fitzgerald & Potter v. Sequa Corporation*,
   250 F.3d 171 (2d Cir. 2001)............................................................................................. 4-5

*Catanzano by Catanzano v. Wing*,
   103 F.3d 223 (2d Cir. 1996)..................................................................................................6

*Citizens Against Casino Gambling in Erie County v. Hogen*,
   704 F. Supp. 2d 269 (W.D.N.Y. 2010) .................................................................................7

*Cook v. Bates*,
   92 F.R.D. 119 (S.D.N.Y. 1981) ............................................................................................4

*Eddystone Rail Company, LLC v. Jamex Transfer Services, LLC*,
   289 F. Supp. 3d 582 (S.D.N.Y. 2018) ..................................................................................6

*Floyd v. City of New York*,
   770 F.3d 1051 (2d Cir. 2014)................................................................................................3

*Kamdem-Ouaffo v. PepsiCo, Inc.*,
   314 F.R.D. 130 (S.D.N.Y. 2016) .........................................................................................3

*Marvel Entertainment Group, Inc. v. Hawaiian Triathlon Corp.*,
   132 F.R.D. 143 (S.D.N.Y. 1990) .................................................................................. 9-10

*MasterCard International Inc. v. Visa International Service Association, Inc.*,
   471 F.3d 377 (2d Cir. 2006)..................................................................................................3

*Menominee Indian Tribe of Wisconsin v. Thompson*,
   164 F.R.D. 672 (W.D. Wis. 1996).........................................................................................6

*Miller v. Silbermann*,
   832 F. Supp. 663 (S.D.N.Y. 1993)................................................................................... 7-8

*National American Corporation v. Federal Republic of Nigeria*,
   425 F. Supp. 1365 (S.D.N.Y. 1977).....................................................................................10

*New York v. Scalia*,
  No. 20-cv-1689, 2020 WL 3498755 (S.D.N.Y. June 29, 2020) .................................................5

*New York News Inc. v. Newspaper & Mail Deliverers' Union of New York*,
  139 F.R.D. 291 (S.D.N.Y. 1991),
  *aff'd sub nom. New York News, Inc. v. Kheel*, 972 F.2d 482 (2d Cir. 1992) .............................4

*New York Public Interest Research Group, Inc. v. Regents of University of State of New York*,
  516 F.2d 350 (2d Cir. 1975)......................................................................................................3

*New York SMSA Limited Partnership v. Village of Nelsonville*,
  No. 18-cv-5932, 2019 WL 1877335 (S.D.N.Y. Apr. 26, 2019) ................................................5

*Oneida Indian Nation of Wisconsin v. New York*,
  732 F.2d 261 (2d Cir. 1984)..................................................................................................3, 4

*United States v. City of New York,*
  198 F.3d 360 (2d Cir. 1999).......................................................................................................5

*United States v. Hooker Chemicals & Plastics Corp.*,
  749 F.2d 968 (2d Cir. 1984).......................................................................................................6

*Washington Electric Cooperative, Inc. v. Massachusetts Municipal Wholesale Electric Co.*,
  922 F.2d 92 (2d Cir. 1990).....................................................................................................8, 9

**FEDERAL STATUTES**

Administrative Procedure Act, 5 U.S.C. §§ 701-706 ("APA") ........................................................1

**FEDERAL REGULATIONS**

Final Rule, Nondiscrimination on the Basis of Sex in Education Programs or Activities
Receiving Federal Financial Assistance, 85 Fed. Reg. 30,026 (May 29, 2020)
(to be codified at 34 C.F.R. pt. 106) ................................................................................................1

**RULES**

Fed. R. Civ. P. 24(a) ........................................................................................................................2

Fed. R. Civ. P. 24(b) .............................................................................................................6, 7, 8

**OTHER AUTHORITIES**

7C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1909 (3d ed. 2007) .........4

## INTRODUCTION

Plaintiffs oppose the Motion to Intervene as Defendant by the Foundation for Individual Rights in Education ("FIRE") [ECF No. 24] ("Motion").  FIRE does not challenge any part of the Department of Education's ("ED") Final Rule, 85 Fed. Reg. 30,026 (May 19, 2020) (the "Rule"), and it implicitly concedes that the Rule may violate the Administrative Procedure Act, 5 U.S.C. §§ 701-706 ("APA").  *See* Mem. in Support of Mot. to Intervene, at 7 [ECF No. 25] ("Mem.").  Rather, FIRE's actual dispute is with ED's *current* Title IX policy on sexual harassment, which has been in effect since at least 1997, *see* Pls.' Br. in Support of Mot. for Prelim. Inj., at 4-8 [ECF No. 19] ("Pls.' PI Br."), and with individual schools' discipline practices, which are not at issue in this case.  Mem. at 5, 7-8, 12-13.  FIRE contends that, should the Court enjoin or vacate the Rule, a return to ED's longstanding policy would *necessarily* violate the constitutional rights of those accused of harassment.  *Id.* at 8.  By extension, FIRE challenges the constitutionality of all state and local policies, and all individual school policies, that offer broader protections against sexual harassment than the Rule.  *Id.* at 12-13.

FIRE's position—which is at odds both with Supreme Court precedent and the considerable deference courts afford schools in adopting and enforcing their own student and employee conduct policies, *see* Pls.' PI Br. at 8—is as novel as it is legally dubious.  But whatever the merits of FIRE's constitutional arguments, this case is simply not the proper forum for litigating them.  FIRE has long had the opportunity to challenge ED's definition of sexual harassment—including after ED reiterated in September 2017 that the sexual harassment standards in its 2001 Revised Guidance on Sexual Harassment remained good policy.  Indeed, should this Court enjoin the Rule and restore the status quo, FIRE could challenge the reinstated policy at that time.  If Plaintiffs prevail, ED could choose to start over and promulgate a different

1

rule. If FIRE were unhappy with that rule, it could challenge it in court then. And, of course, if FIRE believes an *individual* institution's code of conduct or policies for handling sexual harassment complaints raise constitutional concerns, which appears to be its real concern, *see* Mem. at 4-5, nothing is stopping FIRE from bringing legal action against such an institution.[1]

Plaintiffs respectfully submit that there is no reason—in a case where the only questions presented are whether ED complied with the APA in promulgating the Rule—for this Court to accept FIRE's invitation to transform this case into a constitutional challenge to ED's existing Title IX policy and other state, local, and school-specific policies that are not at issue in this case. For the reasons explained below, FIRE does not meet Rule 24(a)'s requirements of intervention as of right, nor does it meet the threshold standard for permissive intervention under Rule 24(b). Accordingly, Plaintiffs request that the Court deny the Motion, but would not oppose a motion by FIRE to provide its perspective to the Court through an amicus brief, as other interested parties have already done.

## ARGUMENT

I. **FIRE Is Not Entitled to Intervene as a Matter of Right.**

FIRE incorrectly asserts that it may intervene by right under Rule 24(a)(2). Mem. at 5-11.[2] Under Rule 24(a)(2), a proposed intervenor must (1) file a timely motion; (2) "assert[] an

---

[1] If, for example, the student mentioned in FIRE's brief believes his university's adjudication policies are illegal, or if he later believes that his rights were violated by the outcome of the proceedings against him, he may sue his school if he so chooses. *See* Pls.' PI Br. at 18.

[2] FIRE does not assert that it may intervene under Rule 24(a)(1), nor could it plausibly argue that it was "given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a)(1).

2

interest relating to the property or transaction that is the subject of the action"; (3) demonstrate that "without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest"; and (4) show that its "interest is not adequately represented by the other parties." *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006). "A '[f]ailure to satisfy *any one* of these four requirements is a sufficient ground to deny the application.'" *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014) (quoting *"R" Best Produce, Inc. v. Shulman–Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006)). "In seeking intervention under this Rule, the proposed intervenor bears the burden of demonstrating that it meets the requirements for intervention." *Kamdem-Ouaffo v. PepsiCo, Inc.*, 314 F.R.D. 130, 134 (S.D.N.Y. 2016). Because "a failure to satisfy any one of these four requirements is a sufficient ground to deny" intervention as of right, FIRE's motion under Rule 24(a)(2) must be denied. *Floyd*, 770 F.3d at 1057 (quotation, emphasis, and brackets omitted).

FIRE's request to intervene as of right should be denied for two reasons—either of which is enough to deny its Motion. *See Floyd*, 770 F.3d at 1057. FIRE fails to show that its interests are not adequately represented by Defendants, and disposition of the action will not impair its ability to protect its interests.

### A. Intervention should be denied because FIRE's interests will not be impaired by a disposition in this action.

A proposed intervenor must demonstrate that their "claims and interests . . . may be adversely affected at least by principles of *stare decisis*, arising out of the final judgment to be entered in this case" to intervene as of right. *Oneida Indian Nation of Wis. v. New York*, 732 F.2d 261, 265 (2d Cir. 1984) (citing *New York Pub. Interest Research Grp., Inc. v. Regents of Univ. of State of New York*, 516 F.2d 350, 352 (2d Cir. 1975)). Intervention as of right is inappropriate where there is no danger that an adverse decision "would preclude the intervenors

3

by *res judicata* or collateral estoppel from bringing their own challenge," *Cook v. Bates*, 92 F.R.D. 119, 123 (S.D.N.Y. 1981), and the intervenor can "protect [its] interests by other means," *New York News Inc. v. Newspaper & Mail Deliverers' Union of New York*, 139 F.R.D. 291, 293 (S.D.N.Y. 1991), *aff'd sub nom. New York News, Inc. v. Kheel*, 972 F.2d 482 (2d Cir. 1992).

Here, FIRE intends to argue that the Rule is not merely permissible under the APA, but *constitutionally required*.  Mem. at 3.  The parties have not raised that argument, nor does the Court need to reach that question to decide the merits of Plaintiffs' APA claims.  Because FIRE's actual dispute is with the constitutionality of the longstanding policies the Rule will *replace*, a final decision in this case holding that the Rule violates the APA would be irrelevant to, and certainly would not preclude FIRE from asserting, its constitutional claims in a separate action if ED reinstates its longstanding policies.  Thus, "the ultimate resolution of this litigation" will neither "implicate principles of *stare decisis* with respect to" FIRE's claims, *Oneida*, 732 F.2d at 265, nor impair FIRE's interests.

### B. Defendants adequately represent any interest that FIRE may have in the outcome of this litigation.

FIRE states that to meet the Rule 24(a) standard, it need only show that the representation of its interests by Defendants "may be" inadequate.  Mem. at 8.  But the Second Circuit "demand[s] a more rigorous showing of inadequacy in cases where the putative intervenor and a named party have the same ultimate objective." *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir. 2001).  When the defendant and proposed defendant-intervenor share "an identity of interest," the proposed intervenor "must rebut the presumption of adequate representation by the party already in the action." *Id.* at 179-80.  This presumption is particularly compelling—indeed, it is the "controlling principle"—in cases where the government is a party. 7C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1909 (3d ed. 2007); *see*

*also United States v. City of New York,* 198 F.3d 360, 367 (2d Cir. 1999).  To overcome this strong presumption of adequacy, a party "may offer, for example, 'evidence of collusion, adversity of interest, nonfeasance, or incompetence' by the named party sharing the same interest."  *New York SMSA L.P. v. Vill. of Nelsonville*, No. 18-cv-5932, 2019 WL 1877335, at *2 (S.D.N.Y. Apr. 26, 2019) (quoting *Butler*, 250 F.3d at 180).  FIRE has not attempted to make such a showing here, nor could it.

FIRE cannot articulate an interest that will not be adequately represented by Defendants.  Unquestionably, FIRE and Defendants share the same goal: to uphold the Rule.  During the June 30 telephonic conference with this Court, Defendants' counsel represented that Defendants intend to oppose Plaintiffs' motion for a preliminary injunction, and that Defendants are unwilling to stay the effective date of the Rule pending resolution of Plaintiffs' Motion for Preliminary Injunction.  Defendants previously declined to delay the implementation of the Rule in light of the COVID-19 pandemic.  *See* Pls.' PI Br. at 2-3.  FIRE has not made any suggestion that Defendants will not capably and vigorously defend the Rule.  FIRE may wish to present arguments in defense of the Rule differing from those Defendants might make, which it can effectively do by filing an amicus brief.  The mere preference for a different legal theory, however, by no means suggests or establishes inadequacy of representation by Defendants.  *Accord New York v. Scalia*, No. 20-cv-1689, 2020 WL 3498755, at *2-4 (S.D.N.Y. June 29, 2020) (denying intervention as of right to business associations seeking to intervene as defendants where they "share the same goal: upholding the [Final] Rule," even where their "interests may not match up perfectly").

Here, FIRE has failed to assert a meaningful divergence between Defendants' interests and its own.  The mere fact that the Department's rationale for the Rule, as stated in the Rule's

preamble, is not identical to FIRE's preferred analysis does not disturb the clear alignment of interests between Defendants and FIRE with respect to defending the Rule.

For these reasons, the Court should deny FIRE's motion to intervene as of right.

## II.  Permissive Intervention Under Rule 24(b) Is Unwarranted.

Rule 24(b) allows the Court to permit intervention by one who "has a claim or defense that shares with the main action a common question of law or fact," subject to the Court's consideration of "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(1)(B), (b)(3).  The District Court has "broad discretion" to deny permissive intervention, *Catanzano by Catanzano v. Wing*, 103 F.3d 223, 234 (2d Cir. 1996), and a "denial of permissive intervention has virtually never been reversed." *AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 561 (2d Cir. 2005) (quoting *United States v. Hooker Chems. & Plastics Corp.*, 749 F.2d 968, 990 n.19 (2d Cir. 1984)).

The Court should deny the motion for permissive intervention for the same reasons that intervention of right is unwarranted.  *See Menominee Indian Tribe of Wis. v. Thompson*, 164 F.R.D. 672, 678 (W.D. Wis. 1996) ("When intervention of right is denied for the proposed intervenor's failure to overcome the presumption of adequate representation by the government, the case for permissive intervention disappears."); *see also Eddystone Rail Co., LLC v. Jamex Transfer Servs., LLC,* 289 F. Supp. 3d 582, 595 (S.D.N.Y. 2018) ("[T]he considerations that render [the Proposed Intervenors] ineligible for intervention as of right under Rule 24(a) here militate strongly as well against granting permissive intervention under Rule 24(b).") (citation omitted).  This Court should also deny FIRE's motion for permissive intervention because it seeks to radically expand the questions of law at issue in this case, which will unduly prejudice Plaintiffs.

### A. FIRE has not raised a defense that shares a common question of law or fact with this case, and instead seeks to unduly expand the scope of this litigation.

While Defendants and FIRE share the ultimate goal of defending the Rule, FIRE makes clear it wishes to intervene solely to assert constitutional arguments untethered to the APA, which are distinct from Defendants' stated justifications of the Rule and outside the scope of the issues presented in this case. Because FIRE fails to meet Rule 24(b)'s threshold requirements and because intervention would radically—and needlessly—alter the scope of this litigation, the Court should deny the motion for permissive intervention.

In its brief, FIRE states that its primary objective is obtaining a declaratory ruling that: (1) the First Amendment requires the narrow definition of sexual harassment contained in the Rule; and (2) "many of the Rule's safeguards are mandated by the Due Process Clause." Mem. at 3. FIRE effectively seeks to prevent this Court from enjoining or vacating the Rule—*even if* Title IX or the APA would otherwise demand it—because it might require that ED return to its longstanding sexual harassment policy. Mem. at 1, 3. This case is not the proper vehicle for FIRE to challenge the constitutionality of that policy—or, by extension, individual school policies and procedures that are consistent with that policy. *Id.* a 4-5.

Contrary to the requirement that an intervenor assert a defense that shares a common question of law or fact with the principal action, Fed. R. Civ. P. 24(b)(1)(B), FIRE specifically eschews the very questions of law that are the subject of this suit. Mem. at 3 (stating that Plaintiffs' challenge "must be rejected without regard to what Title IX and the [APA] might otherwise require"). *Cf. Citizens Against Casino Gambling in Erie Cty. v. Hogen,* 704 F. Supp. 2d 269, 284 (W.D.N.Y. 2010) (finding this requirement satisfied where "proposed Answer sets forth defenses common to those asserted by Defendants in their Motion to Dismiss and directly responsive to Plaintiffs' claims," but denying permissive intervention on other grounds); *Miller*

7

*v. Silbermann*, 832 F. Supp. 663, 673 (S.D.N.Y. 1993) (granting motion for permissive intervention where intervenors' "defense raises the same legal questions as the defense of the named defendants").

Rather than addressing common questions of law, FIRE seeks to import new, irrelevant legal issues into this litigation that do not implicate any of the narrow questions of law the Court must address in ruling on Plaintiffs' APA claims.  FIRE's position that the First Amendment and Due Process Clause *affirmatively require* ED to adopt the highly specific and detailed prescriptive grievance procedures set forth in the Rule—and that any departure from those procedures would be unconstitutional—is not at issue in this case, and would needlessly distract the parties and the Court from Plaintiffs' APA claims and Defendants' defenses thereto.

As the Second Circuit has held, the "purpose of the rule allowing intervention is to prevent a multiplicity of suits where *common questions* of law or fact are involved . . . [but] not . . . to allow for the creation of whole new suits by intervenors." *Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990).  FIRE's intervention would radically and impermissibly expand the scope of the instant matter—challenging policies not at issue here, including those of individual schools, that can be readily addressed in separate lawsuits.  Because their proffered defenses do not share a common question of law with the instant matter, FIRE fails to meet the threshold standard for permissive intervention, and their motion should be denied as a matter of law.

**B.  FIRE's intervention as a defendant would prejudice Plaintiffs.**

The Court should separately deny FIRE's motion because intervention will prejudice the rights of Plaintiffs and their educational institutions.  *See* Fed. R. Civ. P. 24(b)(3).

8

FIRE's purported interest in this case includes challenging individual school conduct codes prohibiting sexual harassment and similar conduct, and related grievance and disciplinary procedures, where such policies and practices depart in any way from FIRE's preferred approach. Mem. at 5, 7-8, 12-13. Indeed, FIRE's motion makes plain that its motivation for intervention is not to defend the Rule, but to obtain a broad ruling invalidating numerous state laws and school disciplinary policies. *Id.* at 12-13. Regardless of any nexus to Title IX, FIRE will ask the Court to summarily invalidate these policies, including those enforced by Plaintiffs and their schools consistent with state and local laws, on constitutional grounds. *Id.* at 3, 13. In addition, FIRE's argument that the Rule's prescribed investigation and grievance procedures are constitutionally *required* has vast implications for non-party educational institutions across the country that maintain sexual harassment policies that go further than the Rule, as well as the myriad state and local laws in New York and other states pertaining to discrimination and harassment. That prospect could invite non-parties to intervene in this lawsuit to defend their own policies, which would unnecessarily burden the parties and this Court, deviate further from Plaintiffs' APA claims, and delay resolution of Plaintiffs' central APA claims.

FIRE asserts that its desired result would be beneficial to it because it would allow FIRE to avoid "burdensome" and "inefficient" litigation challenging such policies on their own merits against the appropriately interested parties. Mem. at 12-13. FIRE's attempt to insert itself into this APA challenge with the goal of securing a declaratory ruling on questions not posed by the parties, and with potentially significant effects on non-parties, is improper and weighs heavily against permissive intervention. *See Wash. Elec.*, 922 F.2d at 98 (upholding denial of permissive intervention where movant sought to inject issues into the case that would "unduly complicate" and delay the litigation); *Marvel Entm't Grp., Inc. v. Hawaiian Triathlon Corp.*, 132 F.R.D. 143,

9

146 (S.D.N.Y. 1990) (denying permissive intervention despite "some overlap in the legal and factual issues" where movant sought to assert claims that "would needlessly expand the scope and costs of th[e] litigation and . . . prejudice the rights of the parties"); *Nat'l Am. Corp. v. Fed. Republic of Nigeria*, 425 F. Supp. 1365, 1372 (S.D.N.Y. 1977) (denying permissive intervention where proposed intervenors sought to inject complex choice of law issues into case).

## CONCLUSION

For these reasons, the Court should exercise its discretion and deny Movants' motion for permissive intervention. Should FIRE wish to file an amicus brief to provide its perspectives to the Court, Plaintiffs would consent to such motion.

DATED: July 2, 2020

Respectfully submitted,

LETITIA JAMES
*Attorney General of the State of New York*

By: /s/ Joseph Wardenski
Joseph Wardenski, *Senior Trial Counsel*
Matthew Colangelo
  *Chief Counsel for Federal Initiatives*
Morenike Fajana, *Special Counsel*
Lindsay McKenzie, *Assistant Attorney General*
Amanda Meyer, *Assistant Attorney General*
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-8441
Fax: (212) 416-6007
Joseph.Wardenski@ag.ny.gov

*Attorneys for the State of New York*

JAMES E. JOHNSON
*Corporation Counsel of the City of New York*

By: /s/ Sabita Krishnan
Sabita Krishnan
Joseph Pepe
Tonya Jenerette
Assistant Corporation Counsel
100 Church Street
New York, New York 10007
(212) 356-2273
skrishna@law.nyc.gov

*Attorneys for the Board of Education of the City School District of the City of New York*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing brief contains 3,047 words (not including the cover page, table of contents, table of authorities, or this certificate of compliance), calculated using the word count feature in Microsoft Word for Office 365, and that the brief complies with the formatting rules contained in Section II.D. of the Individual Practices of Judge John G. Koeltl.

<u>/s/ Joseph Wardenski</u>
Joseph Wardenski