

**ADAM ARTHUR BIGGS**  
Special Litigation Counsel  
General Litigation Division

PHONE:    (512) 463-2120  
FAX:    (512) 320-0667  
EMAIL:    Adam.Biggs@oag.texas.gov

July 20, 2020

**VIA ECF**

The Honorable John G. Koeltl  
United States District Judge  
Southern District of New York  
Daniel Patrick Moynihan United States Court House  
500 Pearl Street  
New York, New York 10007

Re:   *State of New York* v. *U.S. Dep't of Educ.*, No. 1:20-cv-04260-JGK  
      **Letter motion for leave to file *amici curiae* brief**

Dear Judge Koeltl:

     Proposed *amici curiae* the States of Texas, Alabama, Alaska, Arkansas, Florida, Georgia, Indiana, Kentucky, Louisiana, Mississippi, Nebraska, Oklahoma, South Carolina, South Dakota, and Tennessee by and through counsel, and pursuant to Local Civil Rule 7.1, hereby move this honorable Court for leave to file a brief as *amici curiae* in support of Defendants.

     "There is no governing standard, rule or statute 'prescribing the procedure for obtaining leave to file an amicus brief in the district court.'"[1] This Court "looks to the Federal Rules of Appellate Procedure, which does provide a rule for the filing of an amicus brief, and also considers the instances when an amicus brief serves a laudable, rather than distractive, purpose."[2]

     Federal Rule of Appellate Procedure 29 provides two avenues to file an amicus brief. First, "a state may file an amicus brief without the consent of the parties or leave of court."[3] Second, an amicus who does not qualify to file a brief as of right must

---

[1] *Lehman XS Tr., Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*, No. 12-CIV.-7935-ALC, 2014 WL 265784, at *1 (S.D.N.Y. Jan. 23, 2014) (quoting *Onandaga Indian Nation v. State of New York*, No. 97-CV-445, 1997 WL 369389, at *2 (N.D.N.Y. June 25, 1997) (cleaned up)). The decision to grant leave to file a brief as amicus curiae is in the firm discretion of the court. *Jamaica Hosp. Med. Ctr., Inc. v. United Health Grp., Inc.*, 584 F. Supp. 2d 489, 497 (E.D.N.Y. 2008).

[2] *Lehman XS Tr.,* 2014 WL 265784, at *1.

[3] Fed. R. App. P. 29(a)(2).

The Honorable John G. Koeltl
July 20, 2020
Page 2

(1) explain its interest, (2) the reason why an amicus brief is desirable, and (3) why the matters asserted are relevant to the case. The Court should grant Amici States leave to file their brief under either standard.

First, Amici are fifteen states that filed a nearly identical brief in parallel litigation currently pending in federal court in Washington, D.C. In that case, seventeen states and the District of Columbia sued the same Defendants in this case and challenged the same Final Rule at issue here.[4] The local rules of the United States District Court for the District of Columbia, like Federal Rule of Appellate Procedure 29(a)(2), allow states to file a brief as amici curiae without the consent of the parties or leave of court.[5] This ensures sovereigns, who may be affected by the disposition of a court, are heard and can explain how the underlying dispute affects them and how they believe a court should rule. Although this Court does not have a similar local rule, it should grant leave for Amici's brief so that it has the benefit of hearing their arguments as to why it should not enjoin the Final Rule.

Second, under the alternate standard in Federal Rule of Appellate Procedure 29(a)(3), Amici possess a strong interest in ensuring that the Court allow the Final Rule to go into effect and will provide the Court with argument as to why the Final Rule will help Amici purge harassment from campus while protecting constitutional rights.

For decades, educational institutions and the Department of Education have betrayed basic constitutional protections in an effort to purge anything offensive from campus. These constitutional abuses reached a crescendo when President Obama's Department of Education issued its misguided 2011 Dear Colleague Letter, which trampled the rights of individuals and created a false choice: either combat sexual harassment or protect constitutional liberties. We propose a different option: do both.

The Department of Education's new Final Rule[6] accomplishes this goal. It requires educational institutions to investigate and, where proved, punish allegations of sufficiently severe, pervasive, and objectively offensive sexual harassment.[7] It also provides a needed framework, consistent with long-standing Supreme Court precedent, that protects the foundational constitutional rights of due process and

---

[4] *Pennsylvania, et al. v. DeVos, et al.*, No. 20-cv-01468-CJN (D.D.C.).

[5] *See* D.D.C. LCvR 7(o)(1) ("The United States or its officer or agency or a state may file an amicus curiae brief without the consent of the parties or leave of Court.").

[6] *Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance*, 85 Fed. Reg. 30,026 (May 19, 2020).

[7] Unless otherwise stated, the term "sexual harassment" encompasses all forms of sexual harassment, including sexual violence and sexual assault. Likewise, unless otherwise stated, the term, "academic institutions" encompasses all entities covered by the new Final Rule issued by the Department, including schools, colleges, and universities, both primary and secondary.

The Honorable John G. Koeltl
July 20, 2020
Page 3

speech. Far from enabling those who would exploit the vulnerable, it affirms a culture of accountability within the contours of constitutional liberty. And nothing could better advance the cause of eradicating a culture of sexual harassment than ensuring that those who are punished are truly blameworthy.

Amici all have robust public education systems that receive federal funding. Each has a compelling interest in the Department issuing clear, practical regulatory guidance, which enables them and the academic institutions within their borders to effectively combat sexual harassment without sacrificing their commitment to either free speech or due process, nor their receipt of federal funds.

The Final Rule helps them attain that balance. The Final Rule builds upon both well-established and emerging law to set forth reasonable standards for combating gender discrimination in educational programs while safeguarding free speech and due process. Moreover, because the Final Rule corresponds to accepted norms, multiple Plaintiffs and the academic institutions they claim to represent already have an obligation to provide students with many of the procedures and practices required under the Final Rule. To the extent either claims to be injured, much of that alleged harm originates from Plaintiffs' own actions and their failure to previously comply with known constitutional standards. Indeed, if anything, the group that suffers irreparably are students, who face quasi-criminal penalties for their alleged conduct but enjoy none of the accompanying protections.

Accordingly, Amici have a strong interest in the outcome of this case, will provide the Court with argument from States who want to implement the Final Rule, and will show the Court why the Final Rule strikes an appropriate balance between protecting individuals from harassment and respecting constitutional rights.

Finally, Amici learned of Plaintiffs' pending motion for preliminary injunction on Friday, July 17, 2020. Because Amici filed a brief in the parallel litigation in federal court in Washington, D.C., Amici's counsel immediately contacted counsel for all parties to ask if they would consent to Amici filing a brief in this case. Defendants and Proposed Intervenor-Defendants consent to this motion. Plaintiffs would have consented to the motion if it had been filed on Friday, July 17, but do not consent to it being filed one business day later on Monday, July 20. Amici were unable to file the brief on Friday because they were still waiting for authorization from several participating States. The difference in one business day should not dissuade the Court from granting leave for Amici's brief.

The Honorable John G. Koeltl
July 20, 2020
Page 4

      For the foregoing reasons, Amici respectfully request that the Court grant their motion for leave to file a brief as *amici curiae*.

                                            Sincerely,

                                            Adam Arthur Biggs
                                            Special Litigation Counsel
                                            General Litigation Division

AAB:lo

cc:      All counsel of record via ECF