**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

STATE OF NEW YORK and
THE BOARD OF EDUCATION FOR THE
CITY SCHOOL DISTRICT OF THE CITY
OF NEW YORK,

     *Plaintiffs*,

v.

                                        Civil Action No. 20-4260-JGK

UNITED STATES DEPARTMENT OF
EDUCATION and
ELISABETH D. DEVOS, *in her official
capacity as Secretary of Education*,

     *Defendants*.

---

**DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT**

Defendants United States Department of Education and Elisabeth D. DeVos, in her official capacity as Secretary of Education, hereby answer Plaintiffs State of New York and Board of Education for the City School District of the City of New York's Amended Complaint, ECF No. 13, as follows. Defendants note, however, that to the extent review is available in this case, the factual record consists of the administrative record, and not the allegations in Plaintiffs' Amended Complaint or this Answer.

1.  This paragraph consists of Plaintiffs' characterizations of Title IX, not allegations of fact to which a response is required. Defendants respectfully refer the Court to the statute for a full and accurate statement of its contents.

2.  This paragraph consists of Plaintiffs' characterization of the action, not allegations of fact to which a response is required. To the extent a response is deemed required, deny the first and second sentences. With respect to the third sentence, Defendants deny the allegations contained

1

therein, except admit that the Notice of Final Rule, Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, 85 Fed. Reg. 30,026 [hereinafter Final Rule] was published in the Federal Register on May 19, 2020. The Department, however, made the Final Rule publicly available on its website on May 6, 2020. Accordingly, schools had more than eighty-seven days to implement the Final Rule.

3.   This paragraph consists of Plaintiffs' characterization of decisions from the Supreme Court of the United States, to which no response is required. Defendants respectfully refer the Court to the referenced decisions for a complete and accurate statement of their contents.

4.   This paragraph consists of Plaintiffs' characterizations of Title IX and its implementing regulations, not allegations of fact to which a response is required. Defendants respectfully refer the Court to those authorities for a full and accurate statement of their contents.

5.   This paragraph consists of Plaintiffs' characterizations of the Department's guidance and enforcement practices with respect to Title IX, Title VI, Section 504, and Title II, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to those documents, practices, and authorities for a full and accurate statement of their contents.

6.   This paragraph consists of Plaintiffs' characterizations of the challenged rule and the Final Rulemaking process, not allegations of fact to which a response is required. To the extent a response is deemed required, with respect to the first sentence, the Department admits that it published a notice of proposed rulemaking, 83 Fed. Reg. 61,462 (Nov. 29, 2019) in late 2019 and denies the remainder of the allegations in the first sentence. With respect to the second sentence, the Department admits that it received more than 124,000 comments and denies the remainder of the allegations in the second sentence. With respect to the third sentence, the Department admits

that some commenters submitted comments in opposition to the Proposed Rule and denies the remainder of the allegations in the third sentence.

7.  This paragraph consists of conclusions of law and Plaintiffs' characterizations of the challenged rule, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

8.  This paragraph consists of conclusions of law and Plaintiffs' characterizations of the challenged rule, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

9.  This paragraph consists of conclusions of law and Plaintiffs' characterizations of the challenged rule, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

10. This paragraph consists of conclusions of law and Plaintiffs' characterizations of the challenged rule, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

11. This paragraph consists of conclusions of law and Plaintiffs' characterizations of the challenged rule, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

12. This paragraph consists of conclusions of law and Plaintiffs' characterizations of the

challenged rule and state law, not allegations of fact to which a response is required. To the extent a response is deemed required, deny the first, fourth, fifth, and sixth sentences except to respectfully refer the Court to the cited authorities for a complete and accurate statement of their contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences.

13. This paragraph consists of Plaintiffs' characterizations relating to the timing of the challenged rule, not allegations of fact to which a response is required. To the extent a response is deemed required, deny, except to respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents and to admit that the effective date of the Title IX Final Rule was August 14, 2020.

14. Deny.

15. Deny.

16. This paragraph consists of conclusions of law and Plaintiffs' characterizations of this lawsuit, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

17. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

18. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

19. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

20. Admit the first sentence. The second and third sentences consist of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required,

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence and deny the third sentence.

21. Defendants lack knowledge or information sufficient to form a belief as to the allegations in the first and second sentences. Deny the third sentence.

22. This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, admit and respectfully refer the Court to 5 U.S.C. § 552 for a complete and accurate statement of its contents.

23. Admit.

24. This paragraph consists of Plaintiffs' characterizations of Title IX, not allegations of fact to which a response is required. Defendants respectfully refer the Court to the statute for a full and accurate statement of its contents.

25. This paragraph consists of conclusions of law and Plaintiffs' characterizations of Title VI and Title IX, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to those statutes for a complete and accurate statement of their contents.

26. This paragraph consists of Plaintiffs' conclusions of law and characterizations of Title VI, Section 504, Title IX, and "other civil rights laws adopted under the Spending Clause," not allegations of fact to which a response is required. To the extent a response is deemed required, admit and respectfully refer the Court to those laws for a complete and accurate statement of their contents.

27. This paragraph consists of Plaintiffs' characterizations of the CRRA, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the CRRA for a complete and accurate statement of its contents.

28. This paragraph consists of Plaintiffs' characterizations of 20 U.S.C. § 1681, not allegations of fact to which a response is required. To the extent a response is deemed required, admit and respectfully refer the Court to § 1681 for a complete and accurate statement of its contents.

29. This paragraph consists of Plaintiffs' characterizations of 20 U.S.C. § 1682, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to § 1682 for a complete and accurate statement of its contents.

30. Admit.

31. The first, second, and fourth sentences consist of Plaintiffs' characterizations of 45 C.F.R. parts 86 and 106, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to those regulations for a complete and accurate statement of their contents. Admit the third sentence.

32. This paragraph consists of Plaintiffs' characterizations of 34 C.F.R. § 106.31, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to 34 C.F.R. § 106.31 for a complete and accurate statement of its contents.

33. This paragraph consists of Plaintiffs' characterizations of 34 C.F.R. § 106.31, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to 34 C.F.R. § 106.31 for a complete and accurate statement of its contents.

34. This paragraph consists of Plaintiffs' characterizations 34 C.F.R. § 106.3 and 106.4, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to 34 C.F.R. § 106.3 and 106.4 for a complete and accurate statement of their contents.

35. This paragraph consists of Plaintiffs' characterizations 34 C.F.R. § 106.8 and 106.9, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to 34 C.F.R. § 106.8 and 106.9 for a complete and accurate statement of their contents.

36. The first sentence consists of Plaintiffs' characterizations of 20 U.S.C. § 1681(a)(3) and 34 C.F.R. § 106.12(b), not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to 20 U.S.C. § 1681(a)(3) and 34 C.F.R. § 106.12(b) for a complete and accurate statement of their contents. With respect to the second sentence, Defendants admit that OCR's practice has been to acknowledge the claimed exemptions in writing and deny the remainder of the allegations in the second sentence. Defendants admit the allegations in the third and fourth sentences and deny the allegations in the fifth sentence.

37. Admit the first sentence. Deny the second. The third and fourth sentences consist of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, deny.

38. This paragraph consists of Plaintiffs' characterizations of certain guidance documents, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to ED's guidance documents for a complete and accurate statement of their contents.

39. This paragraph consists of Plaintiffs' characterizations of the 1997 Guidance and 2001 Revised Guidance, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the 1997 Guidance and 2001 Revised Guidance for a complete and accurate statement of their contents.

40. This paragraph consists of Plaintiffs' characterizations of the 1997 Guidance and 2001

Revised Guidance, not allegations of fact to which a response is required. Defendants respectfully refer the Court to those documents for a full and accurate statement of their contents.

41. This paragraph consists of Plaintiffs' characterizations of the 2001 Revised Guidance, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the 2001 Revised Guidance for a complete and accurate statement of its contents.

42. This paragraph consists of Plaintiffs' characterizations of the 1997 Guidance, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the 1997 Guidance for a complete and accurate statement of its contents.

43. This paragraph consists of Plaintiffs' characterizations of the 2001 Revised Guidance, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the 2001 Revised Guidance for a complete and accurate statement of its contents.

44. This paragraph consists of Plaintiffs' characterizations of the 2001 Revised Guidance, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the 2001 Revised Guidance for a complete and accurate statement of its contents.

45. This paragraph consists of Plaintiffs' characterizations of the 2006 DCL, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the 2006 DCL for a complete and accurate statement of its contents.

46. This paragraph consists of Plaintiffs' characterizations of the 2010 DCL, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to

respectfully refer the Court to the 2010 DCL for a complete and accurate statement of its contents.

47. This paragraph consists of Plaintiffs' characterizations of the 2011 DCL, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the 2011 DCL for a complete and accurate statement of its contents.

48. This paragraph consists of Plaintiffs' characterizations of the 2011 DCL, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the 2011 DCL for a complete and accurate statement of its contents.

49. This paragraph consists of Plaintiffs' characterizations of the 2014 Q&A, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the 2014 Q&A for a complete and accurate statement of its contents.

50. Admit.

51. This paragraph consists of Plaintiffs' characterizations of ED guidance documents issued between 1997 and 2014, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the guidance documents issued between 1997 and 2014 for a complete and accurate statement of their contents.

52. This paragraph consists of Plaintiffs' characterizations of 20 U.S.C. § 1687, 34 C.F.R. § 106.2(h), the 1997 Guidance, and the 2001 Revised Guidance, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to refer the Court to 20 U.S.C. § 1687, 34 C.F.R. § 106.2(h), the 1997 Guidance, and the 2001 Revised Guidance for a complete and accurate statement of their contents.

53. This paragraph consists of Plaintiffs' characterizations of the 1997 Guidance and 2001 Revised Guidance, not allegations of fact to which a response is required. To the extent a response

is deemed required, deny except to respectfully refer the Court to the 1997 Guidance and 2001 Revised Guidance for a complete and accurate statement of their contents.

54. This paragraph consists of Plaintiffs' characterizations of the 2010 Guidance, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the 2010 Guidance for a complete and accurate statement of its contents.

55. This paragraph consists of Plaintiffs' characterizations of the 1997 Guidance, 2001 Revised Guidance, 2010 DCL, and 2011 DCL, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the 1997 Guidance, 2001 Revised Guidance, 2010 DCL, and 2011 DCL for a complete and accurate statement of their contents.

56. This paragraph consists of Plaintiffs' characterizations of the 2001 Revised Guidance, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the 2001 Revised Guidance for a complete and accurate statement of its contents.

57. The first sentence consists of Plaintiffs' characterization of the 1997 Guidance, the 2001 Revised Guidance, the 2010 DCL, and the 2011 DCL, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to those documents for a complete and accurate statement of their contents. Deny the second sentence, except admit that the Department provides a school with an opportunity to voluntarily resolve a violation of Title IX before the Department initiates further enforcement action.

58. This paragraph consists of Plaintiffs' characterization of the 2001 Revised Guidance, not allegations of fact to which a response is required. To the extent a response is deemed required,

deny except to respectfully refer the Court to the 2001 Revised Guidance for a complete and accurate statement of its contents.

59. This paragraph consists of Plaintiffs' characterization of the 1997 Guidance, 2001 Revised Guidance, 2010 DCL, and the 2011 DCL, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the 1997 Guidance, 2001 Revised Guidance, 2010 DCL, and the 2011 DCL for a complete and accurate statement of their contents.

60. This paragraph consists of Plaintiffs' characterization of the 1997 Guidance and 2001 Revised Guidance, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the 1997 Guidance and 2001 Revised Guidance for a complete and accurate statement of their contents.

61. This paragraph consists of Plaintiffs' characterization of the 1997 Guidance, 2001 Revised Guidance, 2010 DCL, and 2011 DCL, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the 1997 Guidance, 2001 Revised Guidance, 2010 DCL, and 2011 DCL for a complete and accurate statement of their contents.

62. This paragraph consists of conclusions of law or Plaintiffs' characterization of the 2010 DCL, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the 2010 DCL cited in this paragraph for a complete and accurate statement of their contents.

63. This paragraph consists of Plaintiffs' characterization of the 2011 DCL and 2014 Q&A, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to those documents for a complete and accurate

statement of their contents.

64. This paragraph consists of Plaintiffs' characterization of the 1997 Guidance, 2001 Revised Guidance, and 2010 DCL, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to those documents for a complete and accurate statement of their contents.

65. This paragraph consists of Plaintiffs' characterization of 34 C.F.R. § 106.8(b), 1997 Guidance, 2001 Revised Guidance, and 2011 DCL, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to that regulation and those documents for a complete and accurate statement of their contents.

66. This paragraph consists of Plaintiffs' characterization of the 2001 Revised Guidance, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the 2001 Revised Guidance for a complete and accurate statement of its contents.

67. This paragraph consists of Plaintiffs' characterization of the 2011 DCL and 2014 Q&A, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to those documents for a complete and accurate statement of their contents.

68. This paragraph consists of Plaintiffs' characterization of the 2011 DCL, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the 2011 DCL for a complete and accurate statement of its contents.

69. This paragraph consists of Plaintiffs' characterization of the 2014 Q&A, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the 2014 Q&A for a complete and accurate statement of its contents.

70. This paragraph consists of Plaintiffs' characterization of the 1997 Guidance, 2001 Revised Guidance, 2010 DCL, and 2011 DCL, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to those documents for a complete and accurate statement of their contents.

71. This paragraph consists of Plaintiffs' characterization of the 1997 Guidance and 2001 Revised Guidance, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to those documents for a complete and accurate statement of their contents.

72. This paragraph consists of Plaintiffs' characterization of the 2010 DCL, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the 2010 DCL for a complete and accurate statement of its contents.

73. This paragraph consists of Plaintiffs' characterizations of FERPA, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the legal authority cited in this paragraph for a complete and accurate statement of its contents.

74. This paragraph consists of Plaintiffs' characterization of the 1997 Guidance and 2001 Revised Guidance, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to those documents for a complete and accurate statement of their contents.

75. This paragraph consists of Plaintiffs' characterization of the 2011 DCL and 2014 Q&A, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to those documents for a complete and accurate statement of their contents.

76. Deny.

77. As to the first sentence, deny except to admit that in 1994, ED published a guidance document so titled. The second and third sentences consist of Plaintiffs' characterization of the 1994 guidance document, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to that document for a complete and accurate statement of its contents.

78. This paragraph consists of Plaintiffs' characterization of the 1994 guidance document and 2001 Revised Guidance, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to those documents for a complete and accurate statement of its contents.

79. This paragraph of Plaintiffs' characterization of the 2000 DCL, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the 2000 DCL for a complete and accurate statement of its contents.

80. This paragraph consists of Plaintiffs' characterization of the 2010 DCL, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the 2010 DCL for a complete and accurate statement of its contents.

81. This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the legal authority cited in this paragraph for a complete and accurate statement of its contents.

82. Deny.

83. Deny except to admit that Candice Jackson served as Acting Assistant Secretary for Civil Rights from April 10, 2017 to June 24, 2018.

84. Deny the first sentence. Deny the second sentence except to admit that the article cited in

footnote 9 contains the quoted language and respectfully refer the Court to that article for a complete and accurate statement of its contents.

85. Deny except to admit that the webpage cited in footnote 10 contains the quoted language and respectfully refer the Court to that webpage for a complete and accurate statement of its contents.

86. Deny except to admit that the webpage cited in footnote 10 contains the quoted language and respectfully refer the Court to that webpage for a complete and accurate statement of its contents.

87. This paragraph consists of Plaintiffs' characterization of the 2017 DCL, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the 2017 DCL for a complete and accurate statement of its contents.

88. This paragraph consists of Plaintiffs' characterization of the 2017 DCL and 2017 Q&A, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the 2017 DCL for a complete and accurate statement of its contents. With respect to the second sentence, Defendants admit that as of the filing of this answer, Defendants have not withdrawn the 2010 DCL.

89. Admit.

90. This paragraph consists of Plaintiffs' characterization of the Proposed Rule, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the Proposed Rule for a complete and accurate statement of its contents.

91. This paragraph consists of Plaintiffs' characterization of the Proposed Rule, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except

to respectfully refer the Court to the Proposed Rule for a complete and accurate statement of its contents.

92. This paragraph consists of Plaintiffs' characterization of the Proposed Rule, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the Proposed Rule for a complete and accurate statement of its contents.

93. This paragraph consists of Plaintiffs' characterization of the Proposed Rule, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the Proposed Rule for a complete and accurate statement of its contents.

94. Defendants admit that they received over 124,000 comments on the Proposed Rule and that some commenters opposed the Proposed Rule. Defendants deny the remainder of the allegations in this paragraph.

95. Deny except to refer the Court to the comments that these entities submitted to ED for a complete and accurate statement of their contents.

96. Deny except to refer the Court to the cited letter for a complete and accurate statement of its contents.

97. Admit.

98. Admit.

99. This paragraph consists of Plaintiffs' characterization of the Final Rule, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

100.       This paragraph consists of Plaintiffs' characterization of the Final Rule, not

allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

101.     This paragraph consists of Plaintiffs' characterization of the Final Rule, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

102.     This paragraph consists of Plaintiffs' characterization of the Final Rule, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

103.     This paragraph consists of Plaintiffs' characterization of the Final Rule, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

104.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, denied.

105.     This paragraph consists of Plaintiffs' characterization of the Final Rule, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

106.     This paragraph consists of Plaintiffs' conclusions of law and characterization of the Final Rule, not allegations of fact to which a response is required. To the extent a response is

deemed required, deny except to respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

107.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, denied.

108.     The first and second sentences consist of Plaintiffs' characterization of the Final Rule, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents. The third sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, denied.

109.     This paragraph consists of Plaintiffs' characterization of the Final Rule, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

110.     This paragraph consists of Plaintiffs' conclusions of law and characterization of the Final Rule, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

111.     This paragraph consists of Plaintiffs' characterization of the Final Rule, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

112.     This paragraph consists of Plaintiffs' characterization of the Final Rule, not allegations of fact to which a response is required. To the extent a response is deemed required,

deny except to respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

113.      This paragraph consists of Plaintiffs' characterization of the Final Rule, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

114.      This paragraph consists of Plaintiffs' characterization of the 1997 Guidance and 2001 Revised Guidance, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to those documents for a complete and accurate statement of their contents.

115.      This paragraph consists of Plaintiffs' characterization of the Final Rule, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

116.      This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, denied.

117.      The first sentence consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, deny. The second and third sentences consist of Plaintiffs' characterization of the Final Rule, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

118.      This paragraph consists of Plaintiffs' characterization of the Final Rule, not allegations of fact to which a response is required. To the extent a response is deemed required,

deny except to respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

119.     This paragraph consists of Plaintiffs' characterization of the Final Rule, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

120.     The first and fifth sentences consist of Plaintiffs' characterization of the Final Rule, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents. The second, third, and fourth sentences consist of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the cited legal authorities for a complete and accurate statement of their contents.

121.     This paragraph consists of Plaintiffs' characterization of the Final Rule, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

122.     This paragraph consists of Plaintiffs' characterization of the Final Rule, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

123.     This paragraph consists of Plaintiffs' characterization of the Final Rule, not allegations of fact to which a response is required. To the extent a response is deemed required,

deny except to respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

124.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, deny.

125.     This paragraph consists of Plaintiffs' characterization of the Final Rule, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

126.     This paragraph consists of Plaintiffs' characterization of the 1997 Guidance, 2001 Revised Guidance, 2010 DCL, and 2011 DCL, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to those documents for a complete and accurate statement of their contents.

127.     This paragraph consists of Plaintiffs' characterization of the Final Rule, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

128.     This paragraph consists of Plaintiffs' characterization of the Final Rule, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

129.     This paragraph consists of conclusions of law and Plaintiffs' characterization of the Final Rule, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the Final Rule for a complete and

accurate statement of its contents.

130.     The first sentence consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, deny. As to the second sentence, deny except to admit that the quoted language appears in *Gebser*. The third sentence consists of Plaintiffs' characterization of the 2001 Revised Guidance, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to that document for a complete and accurate statement of its contents.

131.     This paragraph consists of Plaintiffs' characterization of the Final Rule, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

132.     This paragraph consists of Plaintiffs' characterization of the Final Rule, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

133.     This paragraph consists of Plaintiffs' characterization of the Final Rule, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

134.     This paragraph consists of Plaintiffs' characterization of the Final Rule, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

135.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, deny.

136.     This paragraph consists of Plaintiffs' characterization of the Final Rule, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

137.     This paragraph consists of Plaintiffs' characterization of the Final Rule, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

138.     This paragraph consists of Plaintiffs' characterization of 34 C.F.R. § 106.31, the 1997 Guidance, the 2001 Revised Guidance, the 2010 DCL, and the 2011 DCL, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to those sources for a complete and accurate statement of their contents.

139.     This paragraph consists of Plaintiffs' characterization of the Final Rule, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

140.     This paragraph consists of Plaintiffs' characterization of the Final Rule, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

141.     This paragraph consists of Plaintiffs' characterization of the Final Rule, not

allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

142.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, deny.

143.     This paragraph consists of Plaintiffs' characterization of the Final Rule, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

144.     This paragraph consists of Plaintiffs' characterization of the Final Rule, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents.

145.     This paragraph consists of Plaintiffs' conclusions of law and characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provision of the Final Rule for a complete and accurate statement of its contents, and otherwise the allegations of this paragraph are denied.

146.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

147.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal

conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

148.     This paragraph consists of Plaintiffs' partial quotation from the Final Rule, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provision of the Final Rule for a complete and accurate statement of its contents, and otherwise the allegations of this paragraph are denied.

149.     This paragraph consists of Plaintiffs' characterizations of the Final Rule and the 2011 DCL, and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of those documents for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

150.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

151.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of the 2011 DCL, and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of those documents for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

152.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, denied.

153.     This paragraph consists of Plaintiffs' partial quotations from and characterization of the Final Rule, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

154.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

155.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

156.     This paragraph consists of Plaintiffs' partial quotation of and characterization of the Final Rule, and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provision of the Final Rule for a complete and accurate statement of its contents, and otherwise the allegations of this paragraph are denied.

157.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

158.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required,

Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

159.     This paragraph consists of Plaintiffs' partial quotation of and characterization of the Final Rule, and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provision of the Final Rule for a complete and accurate statement of its contents, and otherwise the allegations of this paragraph are denied.

160.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

161.     This paragraph consists of Plaintiffs' partial quotation of and characterization of the Final Rule, and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provision of the Final Rule for a complete and accurate statement of its contents, and otherwise the allegations of this paragraph are denied.

162.     This paragraph consists of Plaintiffs' partial quotation of and characterization of the 1997 Guidance, 2001 Revised Guidance, and 2011 DCL, and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of those documents for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

163.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required,

Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

164.     This paragraph consists of Plaintiffs' partial quotation of and characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

165.     This paragraph consists of Plaintiffs' partial quotation of and characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provision of the Final Rule for a complete and accurate statement of its contents, and otherwise the allegations of this paragraph are denied.

166.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of New York State law, and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited state-law provisions and Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

167.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of New York State law, and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited state-law provisions and Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

168.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal

conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

169.     This paragraph consists of Plaintiffs' partial quotation from the Final Rule, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provision of the Final Rule for a complete and accurate statement of its contents, and otherwise the allegations of this paragraph are denied.

170.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

171.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

172.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

173.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

174.     This paragraph consists of conclusions of law and Plaintiffs' partial quotation from and characterization of the Final Rule and ED regulations, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited legal provisions for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

175.     This paragraph consists of Plaintiffs' partial quotation from and characterization of the Final Rule and ED regulations, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited legal provisions for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

176.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

177.     This paragraph consists of conclusions of law and Plaintiffs' characterization of the Final Rule and ED regulations, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited legal provisions for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

178.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

179.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

180.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

181.     This paragraph consists of Plaintiffs' partial quotation from and characterization of the Family Educational Rights and Privacy Act ("FERPA") and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of FERPA for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

182.     This paragraph consists of Plaintiffs' partial quotation from and characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

183.     This paragraph consists of Plaintiffs' characterization of the Final Rule and FERPA, and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule and FERPA for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

184.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

185.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

186.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

187.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

188.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

189.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and

accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

190.    This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

191.    This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

192.    This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provision of the Final Rule for a complete and accurate statement of its contents, and otherwise the allegations of this paragraph are denied.

193.    This paragraph consists of Plaintiffs' partial quotation from and characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

194.    This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provision of the Final Rule for a complete and accurate statement of its contents, and otherwise the allegations of this paragraph are denied.

195.    This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal

conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

196.    Defendants lack knowledge of information sufficient to form a belief as to the truth of the allegations in this paragraph.

197.    This paragraph consists of Plaintiffs' characterization of New York City Department of Education policies, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited regulations for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

198.    This paragraph consists of Plaintiffs' characterization of New York City Department of Education policies, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced regulations for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

199.    This paragraph consists of Plaintiffs' characterization of New York City Department of Education policies, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced regulations for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

200.    This paragraph consists of Plaintiffs' characterization of New York City Department of Education policies, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced regulations for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph

are denied.

201.     This paragraph consists of Plaintiffs' characterization of New York City Department of Education policies, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited regulation for a complete and accurate statement of its contents, and otherwise the allegations of this paragraph are denied.

202.     This paragraph consists of Plaintiffs' characterization of New York City Department of Education policies, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited regulation for a complete and accurate statement of its contents, and otherwise the allegations of this paragraph are denied.

203.     This paragraph consists of Plaintiffs' characterization of New York City Department of Education policies, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited regulation for a complete and accurate statement of its contents, and otherwise the allegations of this paragraph are denied.

204.     This paragraph consists of Plaintiffs' characterization of New York City Department of Education policies, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited regulation for a complete and accurate statement of its contents, and otherwise the allegations of this paragraph are denied.

205.     This paragraph consists of Plaintiffs' characterization of New York City Department of Education policies, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited regulation for a complete and accurate statement of its contents, and otherwise the allegations of this paragraph are denied.

206.     This paragraph consists of Plaintiffs' characterization of New York City Department of Education policies, to which no response is required. To the extent a response is

deemed required, Defendants respectfully refer the Court to the cited regulation for a complete and accurate statement of its contents, and otherwise the allegations of this paragraph are denied.

207.　　With respect to the first sentence of this paragraph, Defendants admit that providing appropriate interventions and remedies is of paramount importance in the K-12 context both for safety and pedagogical reasons. The second and third sentences consist of Plaintiffs' characterization of New York State law, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited legal provision for a complete and accurate statement of its contents, and otherwise the allegations of this paragraph are denied.

208.　　Denied.

209.　　This paragraph consists of Plaintiffs' characterization of New York City Department of Education policies, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited regulation for a complete and accurate statement of its contents, and otherwise the allegations of this paragraph are denied.

210.　　This paragraph consists of Plaintiffs' characterization of New York City Department of Education policies, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced regulations for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

211.　　This paragraph consists of Plaintiffs' characterization of New York City Department of Education policies, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced regulations for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph

are denied.

212.     This paragraph consists of Plaintiffs' characterization of New York State law and New York City Department of Education policies, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced legal provisions for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

213.     This paragraph consists of Plaintiffs' characterization of a U.S. Supreme Court case, New York State law, and New York City Department of Education policies, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced legal provisions for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

214.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

215.     This paragraph consists of Plaintiffs' characterization of a New York City Department of Education regulation, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provision for a complete and accurate statement of its contents, and otherwise the allegations of this paragraph are denied.

216.     This paragraph consists of Plaintiffs' characterization of a New York City Department of Education regulation, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provision for a complete and accurate statement of its contents, and otherwise the allegations of this paragraph are denied.

217.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

218.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

219.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

220.     This paragraph consists of Plaintiffs' characterization of New York State and New York City statutes, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statutes for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

221.     This paragraph consists of Plaintiffs' characterizations of New York City Department of Education regulations and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced legal provisions for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

222.     This paragraph consists of Plaintiffs' characterizations of a New York City Board of Education regulation and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced regulation for a complete and accurate statement of its contents, and otherwise the allegations of this paragraph are denied.

223.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

224.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

225.     Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph.

226.     This paragraph consists of Plaintiffs' characterization of New York State and New York City statutes, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statutes for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

227.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

228.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

229.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of New York City Department of Education policies, and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced legal provisions for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

230.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced provisions of the Final Rule for a

complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

231.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

232.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

233.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

234.     This paragraph consists of Plaintiffs' characterization of the Final Rule, of FERPA, and of a New York City Board of Education regulation, and also of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced legal provisions for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

235.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal

conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

236.     This paragraph consists of Plaintiffs' characterization of the Administrative Procedure Act and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the Administrative Procedure Act for a complete and accurate statement of its contents, and otherwise the allegations of this paragraph are denied.

237.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of its contents, and otherwise the allegations of this paragraph are denied.

238.     Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' characterization of NYCDOE, NYPD, or SCI's response to alleged sexual conduct.

239.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

240.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

241.     This paragraph consists of Plaintiffs' characterization of the importance of prompt response to sexual harassment, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

242.     Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' characterization of NYCDOE's requirements.

243.     Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' characterization of NYCDOE's Discipline Code or New York Education Law § 2801.

244.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of its contents, and otherwise the allegations of this paragraph are denied.

245.     Denied.

246.     Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' characterization of NYCDOE's Discipline Code. To the extent a response is deemed required, denied.

247.     The first sentence of this paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of its contents. The second sentence of this paragraph consists of Plaintiffs' characterization of N.Y. Educ. Law § 3214, which Defendants lack

knowledge or information sufficient to admit or deny. The third sentence of this paragraph is denied.

248.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

249.     This paragraph consists of Plaintiffs' characterization of N.Y. Educ. Law § 3214(3)(c), the Individuals with Disabilities Education Act (IDEA), the Final Rule and ED's guidance, and their interaction. Defendants' lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' characterization of N.Y. Educ. Law § 3214(3)(c). Defendants respectfully refer the Court to the IDEA, the Final Rule, and ED's guidance for a full and accurate statement of their contents. No response is required to Plaintiffs' legal conclusions, to the extent a response is deemed required, denied.

250.     This paragraph consists of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed required, denied.

251.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

252.     This paragraph consists of Plaintiffs' characterizations of the Final Rule and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents, otherwise, denied.

253.     The first two sentences of this paragraph consist of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response

is deemed required, denied. Defendants lack knowledge or information sufficient to admit or deny the allegations in the third and fourth sentences.

254.     This paragraph consists of Plaintiffs' characterization of the Final Rule, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of its contents.

255.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of its contents, and otherwise the allegations of this paragraph are denied.

256.     This paragraph consists of Plaintiffs' characterizations of the Final Rule and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

257.     This paragraph consists of Plaintiffs' characterizations of the Final Rule and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

258.     This paragraph consists of Plaintiffs' characterizations of the Final Rule, Title VII, Title II, Section 504 of the Rehabilitation Act of 1973, and also of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the Final Rule and the listed statutes for a complete and accurate statement of their contents; otherwise, denied.

259.     This paragraph consists of Plaintiffs' characterizations of the Final Rule and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

260.     This paragraph consists of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed required, denied.

261.     Defendants admit that the effective date of the Final Rule was 87 days after its publication in the Federal Register. This paragraph otherwise consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, denied.

262.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

263.     Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' characterization of N.Y. Exec. Order 202. Defendants respectfully refer the Court to the cited order for a complete and accurate statement of its contents.

264.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

265.     Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' characterization of N.Y. Exec. Order 202.4. Defendants respectfully refer the Court to the cited order for a complete and accurate statement of its contents.

266.     Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations of this paragraph.

267.     Defendants lack knowledge or information sufficient to form a belief as to the truth
of the allegations of this paragraph.

268.     Defendants lack knowledge or information sufficient to form a belief as to the truth
of the allegations of this paragraph.

269.     Defendants lack knowledge or information sufficient to form a belief as to the truth
of the allegations of this paragraph.

270.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal
conclusions, to which no response is required. To the extent a response is deemed required,
Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and
accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

271.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal
conclusions, to which no response is required. To the extent a response is deemed required,
Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and
accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

272.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal
conclusions, to which no response is required. To the extent a response is deemed required,
Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and
accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

273.     The first sentence of this paragraph is denied, except to admit that the effective date
of the Final Rule was eighty-seven days after its publication in the Federal Register. The second
sentence consists largely of Plaintiffs' characterization of the Final Rule and of legal conclusions,
to which no response is required; to the extent a response is deemed required, denied. Defendants

admit that the article cited in footnote 31 contains the quoted language and respectfully refer the Court to that article for a complete and accurate statement of its contents.

274.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of this paragraph. The third sentence consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required; to the extent a response is deemed required, denied.

275.      This paragraph consists of Plaintiffs' characterization of the Final Rule, FERPA, and New York State law, and also of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited legal provisions for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

276.      This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

277.      This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provision of the Final Rule for a complete and accurate statement of its contents, and otherwise the allegations of this paragraph are denied.

278.      This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

279.     This paragraph consists of Plaintiffs' characterization of the Final Rule and New York schools' policies and procedures, and also of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the Final Rule for a complete and accurate statement of its contents, and Defendants lack knowledge of New York schools' policies and procedures sufficient to admit or deny Plaintiffs' characterizations, and otherwise the allegations of this paragraph are denied.

280.     This paragraph consists of Plaintiffs' partial quotation from and characterization of the Final Rule and ED guidance, and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the 2001 Revised Guidance for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

281.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

282.     This paragraph consists of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed required, denied.

283.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

284.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required,

Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

285.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

286.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

287.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

288.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

289.     This paragraph consists of Plaintiffs' characterization of the Final Rule and of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited provisions of the Final Rule for a complete and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

290.     Defendants incorporate by reference their responses to the allegations set forth in

paragraphs 1 to 289.

291.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, denied.

292.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, denied.

293.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, denied.

294.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, denied.

295.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, denied.

296.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, denied.

297.     Defendants incorporate by reference their responses to the allegations set forth in paragraphs 1 to 296.

298.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, denied.

299.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, denied.

300.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, denied.

301.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, denied.

302.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, denied.

303.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, denied.

304.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, denied.

305.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, denied.

306.     Defendants incorporate by reference their responses to the allegations set forth in paragraphs 1 to 305.

307.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, denied.

308.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, denied.

309.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, denied.

310.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, denied.

311.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, denied.

312.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, denied.

313.     This paragraph consists of conclusions of law, not allegations of fact to which a

response is required. To the extent a response is deemed required, denied.

314.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, denied.

315.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, denied.

316.     Defendants incorporate by reference their responses to the allegations set forth in paragraphs 1 to 315.

317.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, denied.

318.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, denied.

319.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, denied.

320.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, denied.

321.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, denied.

The remainder of the complaint consists of a demand for relief, not allegations of fact to which a response is required. To the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to the relief requested, or any relief whatsoever. Defendants hereby deny all allegations in the Amended Complaint not expressly admitted herein.

Dated: September 3, 2020                    Respectfully submitted,

                                            ETHAN P. DAVIS
                                            Acting Assistant Attorney General

JENNIFER B. DICKEY
Deputy Associate Attorney General

DAVID M. MORRELL
Deputy Assistant Attorney General

CARLOTTA WELLS
Assistant Branch Director

*Benjamin Takemoto*
BENJAMIN T. TAKEMOTO
(DC Bar # 1045253)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
Ben Franklin Station, P.O. Box No. 883
Washington, DC 20044
Phone: (202) 532-4252
Fax: (202) 616-8460
E-mail: benjamin.takemoto@usdoj.gov

*Attorneys for Defendants*